IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROBERT CURTIS FINCH,  )
          Petitioner,  )
          v.  )    CIVIL ACTION NO.: CV611-041
BRIAN APPLE, Warden, and  )
ATTORNEY GENERAL OF  )
STATE OF GEORGIA,  )
          Respondents.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Robert Finch ("Finch"), an inmate currently incarcerated at the East Central Regional Hospital in Augusta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging proceedings occurring in the Superior Court of Screven County. Respondents filed an Answer-Response and a Motion to Dismiss. Finch has filed a Response. For the reasons which follow, Respondents' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

In this petition, Finch challenges his arrest in Screven County, Georgia, for disorderly conduct and obstruction of an officer on or about October 28, 2010. He has not been indicted on these charges. (Doc. No. 9, p. 1). Finch is being observed to determine his competency to stand trial. (Doc. No. 9-1, p. 3).

Respondents assert that Finch's petition should be dismissed because he has failed to exhaust his available state remedies, or, in the alternative, his petition is premature.

## **DISCUSSION AND CITATION OF AUTHORITY**

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (citing Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003)). Failure to exhaust all

2

claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) and (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

There is no evidence that Finch exhausted his state remedies before he filed his petition in this Court. Finch was arrested on October 28, 2010, filed his petition on April 29, 2011, and had not been indicted as of June 15, 2011, the date Respondents filed their Motion to Dismiss. Finch filed this petition before he exhausted his state court

3

remedies, and this Court is without jurisdiction to entertain his petition.[1] 28 U.S.C. § 2254(b)(1).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED**, and that Finch's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 25th day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Finch sets forth allegations in his pleadings detailing alleged constitutional violations. As the undersigned has so informed Finch, should he feel his constitutional rights have been violated, the appropriate avenue for relief lies pursuant to 42 U.S.C. § 1983, not a habeas corpus petition.

AO 72A
(Rev. 8/82)